UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMANDO CRUZ SANTIAGO,

Petitioner,

v.

BRUCE SCOTT et al.,

Respondents.

CASE NO. 2:26-cv-04152-JNW

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Armando Cruz Santiago is a citizen of Mexico who has been detained at the Northwest Immigration and Customers Enforcement Processing Center ("NWIPC") in Tacoma, Washington since September 25, 2026. Dkt. No. 1 ¶¶ 1, 3. Proceeding pro se, Santiago petitioned for a writ of habeas corpus on October 28, 2026. Dkt. No. 1. The same day, he moved for a temporary restraining order (TRO) to enjoin Respondents from removing him to another country and from transferring him to another facility outside the state during the pendency of these proceedings. Dkt. No. 3.

Also on October 28, the Court entered a Scheduling Order directing Respondents to show cause why the writ should not be granted and file a return by

November 12, 2026. Dkt. No. 5. The Scheduling Order requires Respondents to provide at least 7 days' notice before any action to move or transfer Santiago from the Western District of Washington or to remove him from the United States.

Under Rule 65(b), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Santiago argues he will suffer irreparable harm absent injunctive relief because "[i]f Respondents remove [him] or move [him] out of this District before this Court decides [his] petition, [his] petition may become moot" and the NWIPC "has an established record of moving detained people out of this District on short notice[.]" Dkt. No. 3 ¶¶ 6–7. The Court understands that removal proceedings can move quickly and unpredictably. Courts have recognized that transferring a habeas petitioner interferes with the orderly administration of pending litigation. *See, e.g., Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *7 (N.D. Cal. Aug. 21, 2025) ("Here, the Court finds that equities strongly favor Petitioner remaining in this District pending the resolution of this matter because this will expedite resolution of this matter[.]"). But the Court's Scheduling Order already addresses these concerns. *See Aslan v. Wamsley*, No. 2:25-CV-02698-JNW, 2026 WL 84000, at *2 (W.D. Wash. Jan. 12, 2026). Its notice requirement ensures that Santiago will be able to seek emergency relief before any transfer or removal occurs.

Given the expedited briefing schedule, the Court concludes that the Scheduling Order provides adequate interim protection against the harms Santiago identifies.

Accordingly, Santiago's motion for a temporary restraining order, Dkt. No. 3, is DENIED WITHOUT PREJUDICE. If Respondents provide notice of an intent to transfer or remove Santiago before the Court rules on his habeas petition, he may seek injunctive relief at that time.

Dated this 29th day of October, 2026.

Jamal N. Whitehead
United States District Judge